IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. WIDEMAN,<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>BANK OF AMERICA, N.A., and<br>QUALITY LOAN SERVICE CORP.,<br><br>　　　　　　Defendants. | 1:12-CV-532  AWI DLB<br><br>ORDER ON DEFENDANT'S<br>MOTION TO DISMISS<br><br>(Doc. No. 14) |

This case arises from a mortgage obtained by Plaintiff in 2007 on real property located in Turlock, California. The mortgage is currently in the foreclosure process. Plaintiff brings suit in this Court for fraud by concealment. Defendant Bank of America, N.A. ("BOA") moves to dismiss the Complaint under Rule 12(b)(6). Plaintiff filed no opposition or response to the motion to dismiss. For the reasons that follow, the Court will dismiss this case for an apparent lack of subject matter jurisdiction.

**FACTUAL BACKGROUND**

In February 2007, Plaintiff obtained a mortgage of approximately $417,000 for real property located in Turlock, California ("the Property"). See RJN Ex. A.[1] The mortgage was secured by a Deed of Trust. See id. On July 7, 2011, an assignment of the Deed of Trust was

---

[1] BOA has requested the Court take judicial notice of various documents that were filed in the Official Records of the Stanislaus County Recorder's office. See Doc. No. 14-2 (Request for Judicial Notice ("RJN")). Plaintiff filed no opposition to this request. A court may take judicial notice of matters of public record. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court will grant Defendants' request and take judicial notice of the submitted documents. See Lee, 250 F.3d at 688-89; Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010).

recorded. See RJN Ex. B. BOA was assigned the beneficial interest in the Deed of Trust. See id. In November 2011, a substitute of trustee was recorded. See RJN Ex. C. Defendant Quality Loan Service Corporation ("QLS") was substituted as the trustee for the Deed of Trust on the Property. See id.

At some point, Plaintiff appears to have fallen behind on his mortgage payments. On November 14, 2011, QLS recorded a Notice of Default in the amount of $18,887.44. See RJN Ex. D.

A Notice of Trustee Sale was recorded in February 2012. See RJN Ex. E. The Notice set a sale date of March 14, 2012. See id.

Plaintiff alleges that this matter was resolved by an electronic fund transfer on March 15, 2012. However, BOA did not credit his account for the amount of the transfer. Plaintiff has submitted copies of a check that identifies BOA as the payee and is made out for approximately $441,000.00. See Doc. No. 7.[2] On the back of the check, Plaintiff wrote: "Not For Deposit. For EFT Only. For Discharge of Debt. /s/ Steven L. Wideman. Authorized Representative Without Recourse." Id.

On April 6, 2012, Plaintiff filed a complaint in this Court. Plaintiff states that he is aggrieved by BOA's and QLS's fraudulent concealments. See Doc. No. 1. Plaintiff states that BOA is trying to take away his property without proof of authority to act as shown by an original, unaltered promissory note and such business records that sufficiently verify that QLS is empowered to foreclose. See id. Citing a case from a Texas appellate court, Plaintiff then alleges that QLS failed to disclose facts to him, QLS had a duty to disclose facts, the facts were material, QLS knew that he was ignorant of the facts, QLS was deliberately silent and failed to disclose facts with the intent that he surrender property without proof of claim, he acted in reliance on the omission, and he suffered injury as a result of acting without knowledge of the undisclosed facts. See id.

---

[2] The check is described in Plaintiff's Complaint and indicates that the "package" is attached to the Complaint. The Court considers the check, which is Document No. 7 in the docket, to be incorporated into the Complaint by reference. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

## I.      Jurisdiction

It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). As such, "it is well established that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." Nevada v. Bank of Am. Corp. 672 F.3d 661, 673 (9th Cir. 2012). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250.

A review of the Complaint shows no federal cause of action has been adequately pled. The docket indicates that this is a Truth in Lending Act case, but no paragraph in the Complaint attempts to state such a claim. Instead, all the Court sees is some state law fraud claim and possibly a type of state law wrongful foreclosure claim. Thus, there is no federal question apparent under 28 U.S.C. § 1331.

Part of the complaint indicates that this Court has diversity jurisdiction. Federal courts have diversity jurisdiction in suits between citizens of different States of the United States and suits between citizens of a State of the United States and subjects of a foreign state. See 28 U.S.C. §§ 1332(a)(1), (2). Citizenship for diversity purposes requires that a person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Von Kennel Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004). For corporations, a corporation is citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). There must be complete diversity of citizenship between the parties opposed in interest. Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).

Here, the Complaint does not identify the citizenship of any party. Part of the complaint indicates that Plaintiff is the subject of a foreign state, but he does not identify that state. Further, although domicile, not residence, determines citizenship, see Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995), the Plaintiff's mailing address is the same as the Property at issue. In light of these considerations, the Court has questions about whether Plaintiff is in fact a citizen of California.

The Court will dismiss the Complaint on the basis that subject matter jurisdiction has not been properly pled. If Plaintiff chooses to file a new complaint, he must include express allegations that identify and support this Court's subject matter jurisdiction. For example, if he is relying on diversity jurisdiction, he must expressly identify the citizenship of himself and of each of the Defendants. If he is relying on federal question jurisdiction, he must expressly identify the federal statute and, as discussed below, allege sufficient facts that plausibly show that he is entitled to a recovery.

## II.     Failure To State A Claim[3]

*Defendant's Argument*

BOA argues that Plaintiff is challenging a foreclosure sale, but he has not alleged tender. Without an allegation of tender of the entire amount owed, there is no basis to challenge the sale. If Plaintiff actually has the approximately $441,000.00 owed, then he should be directed to deposit those funds with the Court. BOA also argues that Plaintiff's allegations of fraud do not comply with the requirements of Federal Rule of Civil Procedure 9. BOA also argues that Plaintiff's allegations regarding the original note are improper because there is no requirement that the original note be produced in a non-judicial foreclosure sale. Finally, BOA argues that the purported electronic fund transfer is improper. The electronic fund transfer does not comply with the Deed of Trust, and, because the check states that it is "not for deposit," BOA cannot cash the check.

---

[3] Because it is possible that Plaintiff may be able to properly allege facts that show subject matter jurisdiction, the Court addresses the pleading deficiencies in the current complaint so that the deficiencies can be remedied in an amended complaint.

4

*Plaintiff's Opposition*

Plaintiff has filed no opposition.

*Legal Standards*

1. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

2. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R.

Civ. Pro. 9(b). To comply with Rule 9(b), allegations of fraud must "be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106. Thus, allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns, 567 F.3d at 1124. Also, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 764-65. That is, where there are multiple defendants, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." Id. at 765.

*Discussion*

There are significant problems with Plaintiff's Complaint, and there is no cause of action that has been properly pled.

First, BOA is correct that California law does not require that a trustee produce the original note in order to conduct a non-judicial foreclosure. See Chourp v. Ocwen Loan Servicing, L.L.C., 2011 U.S. Dist. LEXIS 44044, *10 (S.D. Cal. Apr. 22, 2011); Javaheri v. JPMorgan Chase Bank, N.A., 2011 U.S. Dist. LEXIS 36469, *5-*8 (C.D. Cal. Mar. 24, 2011); Clark v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038, 1043 (E.D. Cal. 2010); Hafiz v. Greenpoint Mortg. Funding, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009); see also Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149 (2011). Claims based on the failure to produce the original note are not valid.

Second, Plaintiff has merely stated the elements for a fraud cause of action under Texas

6

law.[4]  The Complaint does not identify the who, what, when, where, or how of the fraud, and does not identify what statements were actually concealed.  Without allegations that provide this information, the specific pleading standard of Rule 9(b) has not been met.  Even under the general pleading standard of Rule 8, the mere "formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Thus, the Complaint fails to adequately allege any actionable fraud.

   With respect to BOA's tender argument, "the tender rule requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt."  Sing v. Wells Fargo Bank, 2012 U.S. Dist. LEXIS 28015, *26 (E.D. Cal. Mar. 2, 2012).  In some circumstances, it is possible to waive the tender requirement.  See id. at *27 (citing Onofrio v. Rice, 55 Cal.App.4th 413, 424 (1997)).  Here, however, the Complaint does not indicate that there has been an actual foreclosure sale, and BOA's motion states that the sale has been postponed pursuant to California Civil Code § 2924g.  In the absence of further allegations, it is not clear that the tender rule applies.  If Plaintiff is attempting to set aside a foreclosure sale, he will have to either plead tender or plead facts that would justify waiving the tender requirement.

   Finally, Plaintiff states that his debt has been paid, but that BOA is not correctly applying the funds.  The document that allegedly shows a payment of funds is the March 2012 check described above.  Given the restrictive endorsements on the back of the check, it is not clear how the check can be deposited or applied to the mortgage.  Further, the check states that it is an "EFT," i.e an electronic fund transfer.  It is unknown to the Court how a paper check can be considered an EFT.  Cf. 15 U.S.C. § 1693a(7) (defining "electronic fund transfer" in part as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument,

---

[4] Plaintiff cites a published case from the 14th District Court of Appeal of Houston, Texas.  There is no reason to think that Texas law applies in this case.  If Plaintiff is attempting to allege a claim of fraud by concealment under California law, the elements of that cause of action are: (1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact, and (5) the plaintiff sustained damages as a result of the concealment or suppression of the fact.  Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1121 (E.D. Cal. 2009); Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 96 (2001).

which is initiated through electronic terminal, telephonic instrument, or computer or magnetic tape . . . ."); RJN Ex. A at p.2 (same definition). Without further allegations, it does not appear to the Court that Plaintiff is genuinely attempting to pay off his mortgage. To the extent that Plaintiff intends to rely on the March 2012 check, additional allegations are necessary.

Because there is no cause of action that is properly pled, the Complaint would be subject to dismissal under Rule 12(b)(6). If Plaintiff files an amended complaint that establishes the Court's jurisdiction, that amended complaint must also correct the pleading deficiencies discussed above.

## CONCLUSION

BOA has filed a motion to dismiss under Rule 12(b)(6). The arguments made in that motion are meritorious and the Complaint does not state any viable claims. However, the Complaint also fails to adequately establish this Court's subject matter jurisdiction. Because the Complaint does not adequately establish jurisdiction, the Complaint will be dismissed with leave to amend and BOA's motion will be denied without prejudice. If Plaintiff files an amended complaint, it must contain facts that establish this Court's jurisdiction and plausible claims.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED with leave to amend due to Plaintiff's failure to properly allege subject matter jurisdiction;
2. Defendant's motion to dismiss is DENIED without prejudice as moot; and
3. Plaintiff may file an amended complaint on or by July 26, 2012, that is consistent with the analyses and directives of this order; and
4. If Plaintiff fails to file an amended complaint by July 26, 2012, the Court will withdraw leave to amend and close this case due to lack of jurisdiction without further notice.

IT IS SO ORDERED.

Dated: _July 10, 2012_                            _____
                                                  CHIEF UNITED STATES DISTRICT JUDGE